**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Arthur HILL, Defendant–Appellant.**

**No. 91–1937.**

United States Court of Appeals,
Sixth Circuit.

Argued March 30, 1992.

Decided July 6, 1992.*

* This decision was originally issued as an "unpublished decision" filed on July 6, 1992. On August 18, 1992, the court designated the opinion as one recommended for full-text publication.

Kathleen Moro Nesi, Asst. U.S. Atty. (argued), Kenneth R. Chadwell, Jr. (briefed), Office of U.S. Atty., Detroit, Mich., for plaintiff-appellee.

Ted C. Farmer (argued and briefed), Detroit, Mich., for defendant-appellant.

Before: KENNEDY, BOGGS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.

KRUPANSKY, Senior Circuit Judge.

The defendant-appellant Arthur Hill has appealed from the sentence imposed by the district court under the United States Sentencing Guidelines (Sentencing Guidelines) following his plea of guilty to 18 U.S.C. section 922(g)(1). The indictment brought against Hill on December 5, 1990, charged him with being a felon in possession of a firearm in violation of 18 U.S.C. section 922(g)(1) and possession with intent to distribute cocaine base in violation of 21 U.S.C. section 841(a)(1). Hill pled guilty to the felon in possession charge on April 18, 1991, pursuant to a Fed.R.Crim.P. 11 plea agreement that provided for the dismissal of the possession with intent to distribute charge.

During the evidentiary sentencing hearing before the district court on August 5, 1991, Alcohol, Tobacco and Firearms (ATF) Agent Christine Griffith testified that on November 9, 1990, she went to Hill's house at 11834 Findlay in Detroit, Michigan undercover. She was accompanied by a confidential informant and was wearing a transmitter. Hill had a selection of three rocks of cocaine from which to make a purchase, and she bought one for $10.00. When Grif-

fith made inquiry about firearms, Hill went to the bedroom and produced a rifle, which he showed her. Hill also told her he had a handgun at his mother's house.

Eleven days later, on November 20, 1990, ATF Agent Roger Guthrie entered the house at 11834 Findlay to execute a search warrant. He saw Hill standing in an archway between the living room and kitchen. Hill removed a clear plastic bag containing about a dozen rocks of cocaine from his shirt and tossed it toward the kitchen. Guthrie observed no guns when he entered. However, he later found the rifle under a bed in a bedroom. The rifle, a .30–.30 caliber gun, was loaded. Aside from the rifle, twelve rocks of cocaine and numerous baggies of marijuana were confiscated.

On the basis of the presentence report and the testimony of the witnesses, the court found that "the utilization of the weapon to which Mr. Hill pled guilty had as an underlying factor the use and involvement in drug activity." The court also concluded that Hill was not entitled to an acceptance of responsibility departure because Hill had denied the sale of cocaine to undercover agent Griffith.

Since the district court had judged that Hill possessed a firearm "in connection with" a drug offense, the cross-reference of section 2K2.1(c)(2) was applicable. Section 2K2.1 is entitled "Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition," and section 2K2.1(c)(2), under the title "Cross References," provides:

> If the defendant used or possessed the firearm in connection with commission or attempted commission of another offense, apply § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above.

Sentencing Guidelines, § 2K2.1(c)(2) (1990).

Section 2X1.1, in turn, requires that the base offense level is to be determined from the guideline for the object offense, plus "any adjustments from such guideline for any intended offense conduct that can be established within reasonable certainty." Sentencing Guidelines, § 2X1.1(a) (1990).

Since the rifle was used in connection with the commission of another offense, and since the possession of cocaine offense level of 16 was greater than the firearms offense level of 12, the requirements of section 2K2.1(c)(2) were satisfied. The offense level of 16 was enhanced by two levels for Hill's possession of a loaded weapon in connection with the cocaine possession, pursuant to sections 2D1.1(a)(3) and 2D1.1(b)(1).[1] Hill, thus, fell within a guideline range of 30 to 37 months. The district court sentenced Hill to the bottom of the guideline range with 30 months' imprisonment.

Hill's first error asserted on appeal, which charged that the district court should have applied the clear and convincing standard in evaluating the sentencing evidence, is without merit. Existing precedent directs that due process is satisfied by the application of a preponderance of the evidence standard to factual findings relevant to sentencing. *McMillan v. Pennsylvania*, 477 U.S. 79, 91, 106 S.Ct. 2411, 2418, 91 L.Ed.2d 67 (1986) ("Sentencing courts have traditionally heard evidence and found facts without any prescribed burden of proof at all."); *United States v. Carroll*, 893 F.2d 1502, 1506 (6th Cir.1990) (preponderance standard satisfies both due process and the guidelines); *United States v. Walton*, 908 F.2d 1289, 1300 (6th Cir.) (due process satisfied by preponderance standard for sentencing findings), *cert. de-*

---

1. Section 2D1.1 is entitled "Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offense.)" Section 2D1.1(a)(3) directs one to the offense level specified in the Drug Quantity Table set forth in section 2D1.1(c) to determine the base offense level. Sentencing Guidelines § 2D1.1(a)(3) (1990).

Section 2D1.1(b)(1), which is entitled "Specific Offense Characteristics," provides that "[i]f a dangerous weapon (including a firearm) was possessed during the commission of the offense, increase by 2 levels." Sentencing Guidelines § 2D1.1(b)(1) (1990).

*nied,* —— U.S. ——, 111 S.Ct. 532, 112 L.Ed.2d 542 (1990).

█ In addition, the district court did not err in deciding that Hill possessed the firearm in connection with the commission of the drug offense and in sentencing Hill, pursuant to section 2K2.1(c)(2), under the drug offense guidelines. Appellate review of Sentencing Guidelines determinations are governed by 18 U.S.C. section 3742(e), which provides:

> The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.

18 U.S.C. § 3742(e).

*See United States v. Perez,* 871 F.2d 45, 47 (6th Cir.), *cert. denied,* 492 U.S. 910, 109 S.Ct. 3227, 106 L.Ed.2d 576 (1989) (clearly erroneous standard applicable to district court's application of guidelines).

Based upon the uncontroverted testimony of the ATF agents, the district court found that "an underlying factor in the possession of the gun was the use and involvement in drug activity." The evidence before the district court disclosed that Hill had sold crack cocaine on one occasion to Agent Griffith. When the search warrant was executed, he was in possession of additional crack cocaine. He displayed a loaded rifle to his customer on the first occasion, and when the search warrant was executed, the loaded rifle was found beneath his bed. The inference, under the "fortress theory," that the readily accessible rifle in the bedroom was used in connection with committing or attempting to commit drug offenses that occurred in the living room was not clearly erroneous.[2] *See, e.g., United States v. Bronaugh,* 895 F.2d 247, 250–51 (6th Cir.1990) (preponderance of the evidence proved that a gun had been taken inside a crack house; no gun ever found in crack house; section 2K2.1(c)(2) cross-reference applicable). Since the district court concluded that Hill possessed the rifle "in connection with" his possession with intent to distribute crack cocaine, the district court properly cross-referenced to and applied the more severe base offense level for possession with intent to distribute cocaine base found in section 2D1.1(a)(3) and its Drug Quantity Table.

█ Finally, the district court did not err in denying Hill a two-point reduction for acceptance of responsibility. To receive the reduction, a defendant must "clearly demonstrate a recognition and affirmative acceptance of personal responsibility for his criminal conduct." Sentencing Guidelines § 3E1.1(a) (1990). The determination of whether a defendant has accepted responsibility is a factual question evaluated under the clearly erroneous standard and not disturbed unless without foundation. *United States v. Christoph,* 904 F.2d 1036, 1040–41 (6th Cir.1990) (quotations omitted), *cert. denied,* —— U.S. ——, 111 S.Ct. 713, 112 L.Ed.2d 702 (1991). Merely pleading guilty does not entitle a defendant to the two-point reduction for acceptance of responsibility. *United States v. Carroll,* 893 F.2d 1502, 1512 (6th Cir.1990); Sentencing Guidelines § 3E1.1(c) (1990).

In denying Hill the two-point reduction, the district court observed that Hill had failed to prove that he had accepted responsibility for his drug-trafficking activities. Although Hill did admit the gun possession and did voluntarily surrender, he denied the drug trafficking charge and twice shouted in open court "that is a lie" during the testimony regarding his drug sales. Although Hill claimed that he was not required to accept responsibility for the criminal conduct charged in the count of the indictment that had been dismissed pursuant to his plea agreement, the Sentencing

---

**2.** Even under 18 U.S.C. section 924(c), the firearms enhancement statute, which is more stringent than section 2K2.1(c)(2), drug offenders need not actually "use" the firearms in order to be convicted under the enhancement statute.

*United States v. Long,* 905 F.2d 1572 (D.C.Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 365, 112 L.Ed.2d 328 (1990). Actual or constructive possession suffices. *Long,* 905 F.2d at 1576.

Guidelines state that the defendant must also accept responsibility for related criminal conduct. Sentencing Guidelines § 3E1.1, comment. (n. 1) (1990). Aside from the plea itself, the record reveals no factual basis upon which an acceptance of responsibility reduction could have been granted. Giving due weight to the sentencing court's ability to observe the credibility and demeanor of the defendant, its decision is not clearly erroneous.

Accordingly, the sentence imposed upon Hill's plea of guilty is AFFIRMED in its entirety for the reasons expressed herein.